UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS R. MOODY,

    Plaintiff,

v.                                                          CASE NO. 8:05-CV-868-T-23MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a complaint seeking review of an administrative decision denying him Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits.[1]  Plaintiff argues the ALJ erred in (1) finding Plaintiff capable of performing light work, and (2) finding Plaintiff's allegations regarding his limitations not totally credible.  After reviewing the record, I conclude that the ALJ's findings are supported by substantial evidence and recommend the Plaintiff's complaint be dismissed and judgment be entered for the Defendant.

    *A.  Background*

Plaintiff, who was 49 years old at the time of his administrative hearing, alleges a disability onset date of July 1, 2003, due to degenerative disc disease, neck pain, low back pain, amputation of the top portion of two fingers and right upper extremity pain.  He has a ninth grade education

---

[1] This matter was referred to me pursuant to Local Rule 6.01(c)(21).

and past relevant work as an auto mechanic, sheet metal helper and salvager. Plaintiff filed application for benefits on July 14, 2003. After these applications were denied initially and on reconsideration, Plaintiff requested an administrative hearing. An administrative hearing was held and on November 19, 2004, the ALJ issued a decision denying Plaintiff benefits. After the Appeals Court denied review Plaintiff filed this action. The case is now ripe for review.

   *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Thus, the Commissioner must determine in sequence the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, ie., one that significantly limits the claimant's ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation process requires the ALJ to decide if the claimant is capable of performing other work in the national economy in view of his or her age, education and work experience. A claimant is entitled to benefits only if unable to perform other work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

   In reviewing the ALJ's findings, this court must ask if the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390-401 (1971). Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed

if supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson*, 402 U.S. at 401. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, 703 F.2d at 1233. If supported by substantial evidence, findings of the Commissioner are conclusive. 42 U.S.C. § 405(g).

*C. Discussion*

Plaintiff contends that the ALJ failed to point out specific evidence as to why the testimony regarding his limitations was discounted. In addition, Plaintiff claims that ALJ ignored the medical evidence and the testimony of the vocational expert. The Commissioner asserts that Plaintiff failed to prove his claim of disability and the ALJ's decision is supported by substantial evidence.

The Eleventh Circuit has established a three-part "pain standard" that applies to claimants that attempt to establish a disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's pain testimony the ALJ must articulate explicit and adequate reasons for doing so. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id.* at 1562.

The ALJ found that Plaintiff's testimony was not entirely credible in light of the objective

medical findings contained in the record. In fact, the only medical records in the file are from the reviewing State Agency, and one visit to a walk-in-clinic. In making the credibility determination, the ALJ properly made the following observations: at a September 2003 walk-in-clinic visit, Dr. Sandhu reported Plaintiff did not need an assistive device to walk, he was alert and cooperative and he had mild impairments; the state agency review physician found claimant capable of performing light work. Since Plaintiff was not capable of performing a full range of light work, the ALJ called upon a vocational expert to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform, given his RFC. The vocational expert concluded that assuming the hypothetical, Plaintiff is capable of making an adjustment to other work, such as telemarketer, security monitor, courier, or sales attendant.

In considering all the evidence and testimony at the hearing, I conclude the ALJ properly considered Plaintiff's complaints about his symptoms and his finding that Plaintiff could perform light work is supported by substantial evidence.

D.    *Conclusion*

Accordingly, it is

RECOMMENDED:

For the reasons stated, I recommend that Plaintiff's complaint be dismissed and judgment be entered for the Commissioner.

IT IS SO REPORTED in Tampa, Florida on this 4th day of August, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report with ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon ground of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).


cc:    The Hon. Steven D. Merryday
       Counsel of Record